IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:20-CV-00024-M

LARRY DAY,                          )
                     Plaintiff,     )
                                    )
v.                                  )          **ORDER**
                                    )
BMW OF NORTH AMERICA, LLC,          )
                     Defendant.     )

For the reasons that follow, the court hereby DISMISSES this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). On August 4, 2020, the court issued an order sua sponte requiring Plaintiff to show cause as to why the undersigned should not dismiss this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). DE-36. In addition, the court held a telephonic status conference to specifically discuss its jurisdictional concerns with the parties on August 13, 2020, prior to their opportunity to respond to the order in writing. DE-37. Plaintiff responded to the show-cause order on September 3, 2020, invoking revocation of the contract to support a claim to $59,001.68 (purchase price plus incidental and consequential damages) or breach-of-warranty damages of $15,110 (breach of warranty plus incidental and consequential damages), along with punitive damages to argue that Plaintiff meets the jurisdictional amount in controversy. DE-40 at 10-11. Defendant filed a response in opposition and declaration in support on September 24, 2020. DE-42 & DE-41. Plaintiff subsequently docketed a Notice of Supplemental Authority on September 30, 2020, unrelated to the jurisdictional concerns. DE-44.

This lawsuit was initiated in this court in January 2020 by the owner of a 2013 model 550i BMW. First Am. Compl., DE-25 ¶ 14. Plaintiff alleges that Defendant concealed a defect in the N63 engine in his car that caused the engine to consume excessive amounts of oil. *Id.* ¶¶ 2, 35-74.

1

Plaintiff raises several causes of action in his amended complaint: breach of warranty pursuant to the Magnuson-Moss Warranty Act ("MMWA"); breach of implied warranty of merchantability pursuant to the MMWA and N.C. Gen. Stat. § 25-2-314; breach of express warranties pursuant to N.C. Gen. Stat. § 25-2-313; violation of the North Carolina Unfair Trade Practices Act pursuant to N.C. Gen. Stat. § 75-1.1; and fraudulent concealment. *Id.* ¶¶ 94-149. Plaintiff asserts that this court has subject matter jurisdiction over his case on the basis of the MMWA, 15 U.S.C. § 2310(d)(1)(B). *Id.* ¶ 8.

Federal courts are courts of limited jurisdiction, meaning that a federal court is empowered only to consider certain types of claims. *Home Buyers Warranty Corp. v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014). A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Questions regarding subject matter jurisdiction may be raised by either party at any time or sua sponte by the court. *Plyler v. Moore*, 129 F.3d 728, 731 n.6 (4th Cir. 1997). The burden of establishing subject matter jurisdiction is on the party asserting its existence. *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

Ordinarily the damages alleged by a plaintiff in his complaint determines the jurisdictional amount, provided it is made in good faith. *Wiggins v. N. Am. Equitable Life Assurance Co.*, 644 F.2d 1014, 1016-17 (4th Cir. 1981). However, good faith alone does not control, and if it appears to a legal certainty that a plaintiff cannot recover the jurisdictional amount, the case will be dismissed by the federal court for lack of jurisdiction. *Id.* "The legal impossibility of recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957).

2

The MMWA allows a consumer to bring suit for damages caused by "the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1). There are two types of written warranties under the Act: full warranties and limited warranties. *Id.* § 2303(a). Section 2304 of the MMWA imposes minimum federal warranty standards for "full warranties" and provides various remedies for their breach, including either a full refund of the purchase price or a replacement of the product if the warrantor cannot remedy defects or malfunctions after a reasonable number of attempts to do so. § 2304(a), (a)(4). Here, as pled in the amended complaint, the warranties at issue are the "New Vehicle Limited Warranty" and "Certified Pre-Owned Limited Warranty." DE-25 ¶¶ 25-34. These warranties are limited by title and are not subject to § 2304. The statute does not require a full refund of the purchase price. When consumers seek to enforce limited written warranties through the MMWA in federal court, federal courts look to state law for guidance on damages available which in turn determines whether the MMWA's amount-in-controversy ("AIC") requirement has been met. *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223-24 (2d Cir. 2017) (citing cases from the Fifth, First, Seventh, and Eleventh Circuits for the same).

Suits alleging claims pursuant to the MMWA may be brought in federal court as long the AIC exceeds $50,000. 15 U.S.C. § 2310(d)(1)(B), (d)(3)(B).[1] While the MMWA allows successful plaintiffs to recover attorney's fees, this is not considered part of the AIC calculation. *Id.* § 2310(d)(2) (attorney's fees); (d)(3)(B) (AIC exclusive of interests and costs); *Saval v. BL Ltd.*, 710 F.2d 1027, 1033 (4th Cir. 1983) (concluding "costs" as used in § 2310(d)(3)(B) includes attorney's fees so such fees cannot be considered part of the AIC calculation). Also excluded from the

---

[1] There is no such requirement for MMWA suits brought in state court. § 2310(d)(1)(A).

MMWA AIC calculation are damages claimed under any pendent, state-law claims. *See Misel v. Mazda Motor of Am., Inc.*, 420 F. App'x 272, 274 (4th Cir. 2011) (unpublished) (stating that the aggregate AIC for MMWA claims is not computed on the basis of pendent state law claims, therefore treble damages under North Carolina law not applicable). Finally, punitive damages cannot be used in the AIC computation for this particular case because they are unavailable for North Carolina breach of warranty claims. *See Saval*, 710 F.2d at 1033 (finding state law governs the availability of punitive damages under the MMWA); N.C. Gen. Stat. § 1D-15(d) ("Punitive damages shall not be awarded against a person solely for breach of contract."); *Bartlett Milling Co. v. Walnut Grove Auction & Realty Co.*, 192 N.C. App. 74, 84, 665 S.E.2d 478, 487 (N.C. Ct. App. 2008) (stating punitive damages are only available in tort actions under North Carolina law); *Richardson v. Bank of Am., N.A.*, 182 N.C. App. 531, 558, 643 S.E.2d 410, 427 (N.C. Ct. App. 2007) ("Generally, a party may not recover punitive damages for breach of contract, except for breach of contract to marry.").

Under North Carolina law—which the parties agree is applicable in this case, see DE-40 at 5-6 and DE-42 at 5-6—"[t]he measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted." N.C. Gen. Stat. § 25-2-714(2). The purchase price of the good is strong evidence of its value as warranted while the value of the goods as accepted is a more difficult determination. *Riley v. Ken Wilson Ford, Inc.*, 109 N.C. App. 163, 173, 426 S.E.2d 717, 723 (N.C. Ct. App. 1993) (citation omitted). A buyer's incidental and consequential damages may be recoverable as well. N.C. Gen. Stat. § 25-2-715; *see also Riley*, 109 N.C. App. at 167, 173, 426 S.E.2d at 720, 724 (N.C. Ct. App. 1993) (finding incidental and consequential damages encompassed maintenance of liability and collision insurance, the towing charge to South

4

Carolina, and interest since the date of filing suit for breach of warranty for new automobile that upon purchase had issues with, inter alia, the oil light, oil and coolant leaks, rear window washer, speedometer cable, squeaking brakes, air conditioner, paint problems, and windshield wipers). "Where the seller fails to make delivery or repudiates or the buyer rightfully rejects or justifiably revokes acceptance . . . the buyer may cancel and . . . recover[ ] so much of the price as has been paid . . . ." N.C. Gen. Stat. § 25-2-711(1).

Here, Plaintiff asserts that his breach-of-warranty damages under North Carolina law amount to $15,110. DE-40 at 7. This sum represents the cost to repair the allegedly defective engine, estimated at $15,000,[2] plus Plaintiff's out-of-pocket expenses related to the engine's excessive oil consumption, listed as $110. *Id.* Plaintiff does not indicate in his amended complaint that he is proceeding on the basis of revocation of acceptance. Plaintiff's amended complaint contains claims only for breach of warranties, fraud, and unfair and deceptive trade practices. The amended complaint merely requests "[a]n order approving revocation of acceptance or rescission" and "the full contract price" as two of the many requests made in the generalized demand for relief. DE-25 at 28. In raising revocation of the contract as a basis for demonstrating the jurisdictional AIC in his response to the Order to Show Cause, Plaintiff cross references his amended complaint at paragraph 21. DE-40 at 7. This reference however describes a letter of complaint Plaintiff sent to the Defendant approximately three years after the car's purchase and makes no mention of revoking the contract or trying to return the car. DE-25 ¶ 21. Importantly, there is no indication that Plaintiff returned his car to Defendant or to the dealership it was purchased from. Instead the clear implication, from the amended complaint itself and the record in this case, is that Plaintiff

---

[2] According to the amended complaint, one of Defendant's authorized dealers already replaced the car's engine once before in the spring of 2018. DE-25 ¶¶ 19-20.

kept and extensively drove the vehicle over a period of many years. *See* DE-25 ¶¶ 14, 21 (noting purchase of the car in 2015 and that Plaintiff was still driving the car and experiencing problems with it up to July 2018); Raczynski Decl. ¶ 3, DE-41 (demonstrating that as of September 9, 2019, Plaintiff's car had logged 97,738 miles); *cf. Danjee, Inc. v. Addressograph Multigraph Corp.*, 44 N.C. App. 626, 632-33, 262 S.E.2d 665, 669-70, *disc. rev. denied*, 300 N.C. 196, 269 S.E.2d 623 (N.C. 1980) (finding revocation of acceptance unavailable to plaintiff where plaintiff retained and used machines and issue of revocation of acceptance not raised in pleadings or suggested by the evidence in the case). Finally, as conceded by Plaintiff, his only means of obtaining punitive damages is through proof of either fraud, malice, or willful or wanton conduct. DE-40 at 8. Plaintiff has made a specific allegation of fraudulent concealment in his amended complaint which "warrants an assessment of punitive damages," DE-25 ¶ 149, however this is a pendent, state-law claim, see *Misel*, 420 F. App'x at 274.

Under Fourth Circuit authority, total breach-of-warranty damages amount to $15,110 exclusive of potentially recoverable attorney's fees, damages arising from pendent, state-law claims, and punitive damages, which are unavailable in North Carolina breach-of-contract cases. This sum is well below the requirement that the AIC exceed $50,000 for claims brought in federal court pursuant to the MMWA. 15 U.S.C. § 2310(d)(1)(B), (d)(3)(B). Because it appears to the court to a legal certainty that Plaintiff cannot recover the jurisdictional amount of greater than $50,000, the court hereby DISMISSES this action for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). The clerk is DIRECTED to close the case.

SO ORDERED this the 19th day of October, 2020.

Richard E Myers II

RICHARD E. MYERS II
U.S. DISTRICT COURT JUDGE